STATE v. NOAH TAYLOR.

*Indictment — Trial — Continuation of Term.*

1. In a trial for murder, where the jury fail to agree and the Judge continued the term of the court, from Saturday of the second week to the following Monday, when a verdict was rendered; *Held*, not to be error.

2. The provisions of ch. 33, § 108, of Battle's Revisal, are not in conflict with Article 1V. sec. 12 of the Constitution.

(*State* v. *Adair*, 66 N. C. 298; *State* v. *Cunningham*, 72 N C. 469, cited and approved )

INDICTMENT, for murder tried at Fall Term, 1876, of BEAUFORT Superior Court, before *Moore, J.*

The trial commenced on Wednesday of the second week of the term, and between eleven and twelve o'clock on Saturday night following, the jury having failed to agree, His Honor continued the term until Monday morning at ten o'clock of the following week, and on that day, the jury rendered a verdict of guilty and were discharged without the consent of the prisoner. The counsel for the prisoner moved his discharge, upon the ground that the term of the court had expired by limitation, and that His Honor had no power under the Constitution to continue it.

The motion was not allowed, and there was judgment and appeal by prisoner.

*Attorney General*, for the State.
*Mr. Geo. H. Brown, Jr.*, for the defendant.

FAIRCLOTH, J. The defendant was indicted for murder and put on his trial on the second Wednesday of the term, and the jury failed to agree at the close of the week. His Honor thereupon continued the Court and kept the jury together until the following Monday, when a verdict of guilty was rendered and judgment pronounced. The defendant made a motion to arrest the judgment, on the gound that His Honor had no authority to continue the Court and jury after the end of the second week, which motion was disallowed.

He insists that Art. IV. § 12, of the Constitution, by implication restricts the power of the Legislature to authorize the Judge below, on the trial of a capital case, to continue the Court after the end of the two weeks, as it attempted to do by an Act, C. C. P. § 397, Bat. Rev. ch. 33. § 108.

This precise question was considered in *State* v. *Adair*, 66 N. C. 298, and, for the reasons there given, it was held that there was no such restriction in the Constitution.

He further insists, if there is no restriction as above claimed, there is no authority for the Legislature to authorize an extension of the Court beyond the two weeks. It would seem, that, if there is no constitutional restriction, the Legislature undoubtedly has the power to authorize the continuance of a Court, to meet the ends of justice in the trial of a capital felony.

In addition to what is said in *Adair's* case above, the Act of 1830, Rev. Code, ch. 31, § 16, enacted to meet the diffi-

culty experienced in *Spier's* case, giving the Court power, on the trial of a capital case, to continue from day to day after the expiration of the term to finish the trial &c. was in force at the adoption of the Constitution and is not repealed or restricted therein. This Act not being digested or brought forward in Battle's Revisal, is not repealed. *State* v. *Cunningham*, 72 *N. C.* 469.

There is no error. Let this be certified to the Court below, that further proceedings may be had according to law.

PER CURIAM.                    Judgment affirmed.